Parkinson vs. Steamboat Robert Fulton.

---

PARKINSON, RESPONDENT, vs. STEAMBOAT ROBERT FULTON, APPELLANT.

1. The return of a constable on a warrant against a steamboat, showing that he executed it, by going on board the boat, and by reading the same to the clerk, and by finding the sheriff in charge of her, is sufficient to give the justice issuing the warrant, jurisdiction to hear and determine the case against the boat. 14 Mo. Rep. 513.

APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was a suit, instituted before Justice Kitzmiller by the respondent, against the appellant, to recover wages alleged to be due him as mate on board the appellant, under the boat and vessel act. At the time of issuing the warrant, the appellant was in the hands of another officer, by virtue of a previous levy, and was subsequently sold, by order of the court of common pleas, by said officer. The return, made by the constable in this case, states these facts and shows that no levy could be made by him in this case, for the reason, that the appellant was in the custody of another officer. Upon this return no appearance is made by any one, in behalf of the appellant, and the justice renders judgment, by default, against her, for an amount claimed by respondent, at the time appointed by the court of common pleas, for creditors to present their demands against the appellant for adjudication. The respond-

ent presents the transcript of Justice Kitzmiller, which shows the aforesaid facts, to the admission of which appellant excepted. This was all the evidence of respondent. The appellant then offered witnesses to prove and establish, that the respondent was never acting as mate on board of her; that he was employed as captain, and alone acted in that capacity. Evidence was also offered to prove who was mate at the time mentioned in respondent's account; which evidence the court excluded, on the ground that the transcript of the justice was conclusive on the appellant, and therefore allowed the demand of respondent; to which act and opinion of the court of common pleas the appellant, by her attorney, at the time excepted. Motion was made to set aside the said allowance on the ground of the improper admission of the transcript of the justice, and improper exclusion of testimony offered by appellant, which was overruled, and this case appealed to this court.

## HART, for appellant.

Now comes the appellant and sets forth the following reasons why the judgment of the court of common pleas ought to be set aside:

1. Appellant contends, that the warrant before the justice had never been served so as to give the justice jurisdiction over the thing, and that his proceeding to hear, try and determine the suit was error. Rev. Code, "Boats and Vessels," Chap. 20 Sec. 6, 24, 26.

2. The appellant had been previously attached, and was, at the time, in custody of another officer, by virtue of another warrant and levy; and the constable, in this case not being able to seize the boat, under the warrant, in the above case, as he was required to do, his return on this writ, is, "as of no service, because the boat was in the custody of another officer," by virtue of a prior attachment and levy.

3. The warrant in this case requires the constable to seize the boat, or as much thereof as, sufficient to satisfy the demand, and to retain the same in his possession until discharged by due course of law. The constable's return shows that this could not be done, and it was error for the justice to proceed any further on this return, and hear and determine the case. See Lane & Dalton vs. Jackson, 5 Mass. Rep. 157; also, Watson et al. vs. Todd et al. and Thornton, trustee, 5 Mass. 271; Vinton vs. Bradford, 13 Mass. 114; Thomson vs. Marsh, 14 Mass. 269.

4. The proceedings before the justice were entirely *exparte,* and the court below committed error in allowing the transcript of the justice to be evidence of the demand of the plaintiff.

5. The court of common pleas also committed error in excluding the evidence offered on behalf of the appellant, and in ruling that the transcript of the justice was conclusive against the boat.

6. Supposing that the justice properly proceeded in rendering a judgment by default against the appellant and in favor of respondent, without any notice to the boat, by a levy or appearance of any officer of the boat, authorized to appear; it is respectfully contended, that under the statute, the appellant had the right to show, before the court of common pleas, at the time appointed for claimants to present their demands against the boat, that the demand of the respondent was unjust, and that nothing was due by appellant to respondent: Rev. Code "Boats and Vessels," Chap. 20, sects. 14 and 15.

Upon these grounds appellant prays a reversal of the judgment of said court of common pleas.

## GARLAND & NORRIS, for respondent, say,

Did the court below err in excluding parol testimony affecting a judgment of a justice of the peace, as evidenced by the transcript of his docket? Certainly not.

---

Lackland vs. Dougherty.

---

1. If parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid or written instrument, a fortiori this is true of a solemn, judicial record : Weber vs. Schmeisaxr, 7 Mo. 600; 3 Dev. 423.

2. Copies of proceedings before justices of the peace, certified by the justice, before whom the proceedings are had, *shall be evidence of such proceedings*: Rev. Code, 45 page 470 sects. 21, 23.

3. A Justice's judgment, apparently regular, cannot be collaterally impeached by any parol' evidence. It is a judicial proceeding, which is conclusive, unless upon some other proceeding directly to avoid it: Jones vs. Jenkins, 4 Dev. & Ball 492; Tarbox vs. Hays, 6 Watts 398.

4. The jugdment of a court of concurrent jurisdiction is as a plea, a bar, or as evidence-conclusive between the same parties, upon the same matters directly in question in another court: Burt vs. Stembery, 4 Cow. 559 ; Gardner vs. Buck., 3 ib. 120; Wallace vs. Usher, 4 Bibb. 508; Hayden vs. Booth, 2 A. K. Marsh. 353.

The proper way for the appellant to review the decision of Justice Kitzmiller, was to appeal. Failing in that he must suffer the legitimate result of his own laches.

RYLAND, J., delivered the opinion of the court.

This case comes fully within the decision made by the court in the case of Noel and McSherry vs. The Steamboat Eureka, decided by this court at its last March Term, not yet printed.

The return of the constable in that case, was the ground of error complained of in the court below. The same point is made in the present case. We adhere to the opinion then given, and that opinion settles this case.

The judgment is, accordingly, affirmed, the other judges concurring.